THE STATE *vs.* SAMUEL COSTEN.

*Concealed Deadly Weapons.—Sec. 1 of Chap. 548, Vol. 16, Laws of Delaware, Construed.*

A deadly weapon, other than an ordinary pocket knife, found upon the person, out of sight, is prima facie evidence of carrying concealed a deadly weapon; the accused, however, may rebut that presumption of guilt by proof that the weapon was being carried for a lawful purpose.

(*September 1897.*)

LORE, C. J,, and GRUBB and PENNEWILL, J. J., sitting.

*R. C. White*, Attorney-General, for the State.

(The prisoner was unrepresented by counsel.)

Court of General Sessions, New Castle County, September Term, 1897.

The defendant was indicted at this term for carrying concealed a deadly weapon. At the trial, the State proved that he was found by a police officer with a deadly weapon—to wit, a revolver—concealed upon his person. The defendant testified that he had purchased said revolver and was carrying the same home at the time of his arrest by the police officer.

GRUBB, J., charged the jury as follows:

Gentlemen of the jury:—The prisoner, Samuel Costen, is charged in this indictment with the offense of "carrying concealed a deadly weapon upon or about his person other than an ordinary pocket knife."

You are the sole judges of the facts in this case, for under the present Constitution, the Court may not give its opinion to you with respect to any fact in the case, or, to what weight or effect it is to have upon you. While you are the judges of the facts, it is our duty, however, to state to you the law applicable to the facts, and it is yours to find your verdict upon the facts in accordance with the law as we state it to you.

The act of Assembly under which this indictment is found reads as follows:

"That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife," he shall then upon conviction receive punishment as provided by law.

This Court has held that where a jury is satisfied, beyond a reasonable doubt, from the facts before them that the accused has upon or about his person a deadly weapon, other than an ordinary pocket knife, put there by him out of view, he is *prima facie* guilty under the law of carrying concealed a deadly weapon upon or about his person.

But we have also held and instructed juries that although the accused is to be presumed guilty from the mere fact of having

upon his person a deadly weapon out of sight, yet that he may nevertheless show to the jury that he has put that weapon there and carried it there for a lawful purpose. So that although you may find that he had a deadly weapon upon his person out of sight, you should not find him guilty if you are satisfied that he had it there for a lawful purpose. It you are satisfied, however, that he had it there out of sight upon his person and not for a lawful purpose, then it would be your duty to find him guilty.

We may as well explain to you that this act was passed in 1881; that prior to, and up to that time the carrying of concealed deadly weapons at gatherings of various kinds, and upon other occasions, had become a menace to the public peace and a peril to the public safety. It had reached such a state as to call for legislation on the ground of public policy and for public protection. Therefore this law was passed to prevent this habit, which had become a dangerous one to the public. The law provides that no one shall carry concealed about his person a deadly weapon, because, the temptation and tendency to use it under excitement upon the said various occasions were so great that such temptation and tendency had to be removed as far as possible.

We have attempted to carry out this law in the spirit in which it was enacted and for the wise public purpose for which it was designed. Therefore we have given the construction which I have stated to you.

In the first place, you must be satisfied that the prisoner had a deadly weapon, other than an ordinary pocket knife, upon his person, out of view. You have heard the testimony; it is not for us to comment upon that. Did he have upon his person this pistol out of sight? That fact is for you to determine. If you determine that he had, then you must find him guilty of carrying concealed the weapon—within the legal meaning of " concealed," unless he proves, or it otherwise appears from the evidence, that he had it there for a lawful purpose. Did he so have it for a lawful purpose? If he did, then he is not guilty. If he did not so have it for a lawful purpose, then you should find him guilty.

We think it unnecessary to say more to you upon this subject, and we therefore commit the case to the jury for their verdict.

Verdict: " Not guilty."